UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UBS FINANCIAL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00341-MTS |
| ) | |
| TRAVIS LUEBBEHUSEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court finds that Plaintiff's Complaint, Doc. [1], has not established the Court's subject-matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Plaintiff asserts that the Court "has subject matter jurisdiction pursuant to 28 U.S.C. § 1332."[1] Doc. [1] ¶ 22. Though it gives no subsection, Plaintiff appears to be advancing diversity jurisdiction under § 1332(a)(1). In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from Defendants in such a way that neither Defendant is a citizen of the same state as Plaintiff. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

Plaintiff alleges that it is a Delaware corporation with its principal place of business in New York. Doc. [1] ¶ 19. Thus, it is a citizen of Delaware and New York for jurisdictional purposes. But Plaintiff did not allege the citizenship of Defendants. Rather, it alleges only that "all Plaintiffs and all Defendants are citizens of different states." *Id.* ¶ 22. But conclusory

---

[1] Plaintiff does not allege the Court has federal question jurisdiction in this case. *See* 28 U.S.C. § 1331.

allegations such as that do not establish subject matter jurisdiction.[2]  *Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (noting plaintiff's "conclusory assertion[s]" were not "factual allegation[s] sufficient to establish th[e] defendant's citizenship"); *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-cv-1541-CAS, 2015 WL 5920663, at *2 (E.D. Mo. Oct. 9, 2015) (finding the allegation that none of LLC's members were citizens of the opposing-party's state of citizenship was "insufficient"); *see also Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions").

To be sure, Plaintiff does allege Defendants' last known addresses, Doc. [1] ¶ 20–21, but that too, without more, does not suffice.  *First*, "the jurisdiction of the court depends upon the state of things at the time of the action brought."  *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)).  So, a "last known" address offers little by way of jurisdiction.  *Second*, an address may establish where someone is a resident,[3] but it does not, by itself, establish citizenship.  For jurisdictional purposes, federal courts long have distinguished being a citizen of a state from being a mere resident of one.  *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'"); *Reece v. Bank of N.Y.*

---

[2] As for the amount in controversy, Plaintiff offers the legal conclusion that it exceeds $75,000 but does not elaborate. Doc. [1] ¶ 22.  While allegations throughout the Complaint pertain to the management of assets totaling in the millions, making it likely the amount in controversy could be met, Plaintiff did not explain the value of the injunctive relief requested.  *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

[3] *See also* Doc. [1] ¶ 23 (alleging Defendants "are residents of St. Louis County, Missouri").

*Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (explaining that, because of "ambiguity" in the word *resident*, a court cannot determine that "diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"); *see also, e.g.*, *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

The Court will provide Plaintiff an opportunity to file an Amended Complaint that properly establishes this Court's subject matter jurisdiction.  *See* 28 U.S.C. § 1653.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an Amended Complaint that properly establishes the Court's subject-matter jurisdiction no later than Tuesday, March 29, 2022.

Dated this 25th day of March, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE